J-A26013-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN RE: ESTATE OF ROBERT M. MUMMA, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: ROBERT M. MUMMA, II | |
| | No. 319 MDA 2017 |

Appeal from the Order Entered January 31, 2017
In the Court of Common Pleas of Cumberland County
Orphans' Court at No(s): 21-86-398

BEFORE:  BOWES, OLSON, AND RANSOM, JJ.

JUDGMENT ORDER BY BOWES, J.:          **FILED OCTOBER 02, 2017**

Robert M. Mumma, II, appeals from an order entering a monetary award in favor of the executrix of this estate after Appellant withdrew a petition for her removal.  The award was accorded on the basis that the petition for removal was arbitrary and vexatious, warranting an award in favor of the executrix under 42 Pa.C.S. § 2503(9).[1]  We quash this appeal as taken from an interlocutory order.

_____

[1]  That statute provides that the "following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter . . . [a]ny participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith." 42 Pa.C.S. § 2503(9).

Robert M. Mumma died testate over thirty years ago. The distribution of the assets of his estate has been delayed by numerous lawsuits brought by Appellant, as a *pro se* litigant. There have been at least sixteen previous appeals filed by Appellant to this Court, and the estimated costs to the estate from Appellant's vexatious and specious lawsuits has been approximately five million dollars. The present appeal concerns a January 28, 2016 petition Appellant filed for removal of the executrix of the estate, Lisa M. Morgan, which was Appellant's second petition seeking her removal. Ms. Morgan filed a protective order seeking to prevent Appellant from questioning her at a deposition about matters that were previously litigated, and the court entered an order permitting Ms. Morgan the right to refuse to answer questions delving into such issues.

Appellant filed a motion for extension of time to depose Ms. Morgan, the motion was granted based upon Appellant's representation that she agreed to the extension, and then the motion was denied after Ms. Morgan reported that she had not agreed to an extension. A hearing was scheduled on the petition for removal for July 27, 2016. On that day, Appellant attempted to withdraw the petition for removal and did not appear at the hearing. Ms. Morgan asked for a monetary award under § 2503, and the trial court ordered Appellant to pay $25,000 for legal fees incurred in connection with the petition to remove Ms. Morgan. This appeal followed.

This Court issued a rule to Appellant to show cause why this appeal should not be quashed as interlocutory. Appellant invoked the collateral order doctrine outlined in Pa.R.A.P. 313. That rule defines a collateral order as "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). All elements of this test must be satisfied, and the collateral order doctrine itself is narrowly construed to avoid piecemeal litigation. **_Rae v. Pennsylvania Funeral Directors Ass'n_**, 977 A.2d 1121, 1125 (Pa. 2009). As to the second prong of the test, *i.e.*, whether the issue is too important to be denied review, "[i]t is not sufficient that the issue be important to the particular parties. Rather it must involve rights deeply rooted in public policy going beyond the particular litigation at hand." **_Melvin v. Doe_**, 836 A.2d 42, 47 (Pa. 2003).

The present matter involves the imposition of attorney fees between private parties, and clearly and unequivocally does not involve a right deeply rooted in public policy that extends beyond the present litigation. Moreover, Appellant can obtain review of the propriety of the entry of attorney fees against him in a appeal from the final order of distribution of the assets of the estate. Thus, the issue is not one that will be incapable of being reviewed if we delay appellate consideration of the question until a final order is entered herein.

Appellee's Motion for Extension of Time to File a Brief is Denied.

Appeal quashed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/2/2017</u>